UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ANTHONY BRAVO,<br>Defendant. | CR. NO. 24-00020(01) LEK-WRP |

**ORDER CONSTRUING DEFENDANT'S EMERGENCY MOTION TO CONTINUE TRIAL AND RESET PRETRIAL DEADLINES AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION**

During a September 1, 2026 hearing ("9/1/26 Hearing"), the Court found that Defendant Anthony Bravo ("Bravo") knowingly and voluntarily waived his right to counsel and elected to represent himself *pro se*. [Minutes - EP: Hearing on [483] Motion for Status Hearing Regarding Withdrawal of Counsel, Determining New Counsel, or Self-Representation, filed 9/1/26 (dkt. no. 491) ("9/1/26 Minutes"), at PageID.3336.] The Court also denied Bravo's oral request to continue the trial date. See id. at PageID.3337. An entering order setting forth the basis for the denial of the continuance was later issued. See Minute Order – **EO: Order Appointing Stand-by Counsel and Denying Oral Motion to Continue Trial**, filed 9/4/26 (dkt. no. 493) ("9/4/26 EO"), at PageID.3370-72.

On September 14, 2026, Bravo filed an Emergency Motion to Continue Trial and Reset Pretrial Deadlines. [Dkt. no. 503.] The motion does not seek new relief and merely asks the Court to change the rulings that the Court made during the 9/1/26 Hearing and in the 9/4/26 EO. Bravo's filing is therefore construed as a motion for reconsideration of the denial of his oral request to continue the trial date and related deadlines ("Motion for Reconsideration").

Bravo's Motion for Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule CrimLR12.2(a)(1), CrimLR60.1. The Motion for Reconsideration is denied for the reasons set forth below.

## DISCUSSION

Under Criminal Local Rule 60.1, a motion seeking reconsideration of an order that was not case-dispositive "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." Motions for reconsideration are disfavored. See id. However, "'[w]hether or not to grant reconsideration is committed to the sound discretion of the court.'" United States v. McCoy, Case No. 23-cr-00085-DKW-KJM, 2024 WL 5170307, at *2 (D. Hawai`i Dec. 18, 2024) (alteration in McCoy) (quoting Navajo Nation v.

Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Bravo does not present any new facts nor an intervening change in the law. In fact, Bravo acknowledges that a district court has broad discretion to deny a request for a trial continuance, and he cites the same four-factor analysis applied in the 9/4/26 EO. See Motion for Reconsideration at PageID.3423 (citing United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir. 1985)); see also 9/4/26 EO at PageID.3370-71 (quoting United States v. Mejia, 69 F.3d 309, 314-15 (9th Cir. 1995) (quoting United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985))). Bravo merely disagrees with the rulings the Court made in its application of the four-factor analysis. Bravo's mere disagreement with those rulings is not a ground for reconsideration. See United States v. Sulla, CR. NO. 22-00058 JAO-KJM, 2023 WL 8701095, at *2 (D. Hawai`i Dec. 15, 2023) (citing White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)).

Even if the Motion for Reconsideration presents more than a mere disagreement with the Court's rulings at the 9/1/26 Hearing and in the 9/4/26 EO, Bravo fails to establish any basis for reconsideration of those rulings. Bravo argues that the denial of his request for a continuance was a manifest error of law because it violated his rights under the Fifth Amendment and

the Sixth Amendment to the United States Constitution. See Motion for Reconsideration at PageID.3423. He also objects to the appointment of Benjamin Lowenthal, Esq.,[1] as his stand-by counsel. See id. at PageID.3424.

As previously noted, Bravo made a knowing and voluntary decision to represent himself *pro se*. Bravo asserts that his request to proceed *pro se* was granted because the Court found that there was "an absolute breakdown of the attorney's-client [sic] relationship with prior CJA counsel." See Motion for Reconsideration at PageID.3423. He argues that, because of his prior counsel's inadequate representation, he requires additional time to prepare for trial. See id. at PageID.3423-24. Bravo's argument is misplaced.

Bravo's request to proceed *pro se* was an alternative to his primary request for the appointment of new counsel. See generally Motion for Status Hearing Regarding Withdrawal of Counsel, Determining New Counsel, or Self-Representation, filed 8/19/26 (dkt. no. 483). Bravo's request for the appointment of new counsel was denied because Bravo failed to establish any basis for the appointment of new counsel, particularly because Bravo was refusing to communicate with his counsel. See 9/4/26

[1] Mr. Lowenthal and Edward Robinson, Esq., were Bravo's counsel, appointed pursuant to the Criminal Justice Act ("CJA"), before Bravo elected to proceed *pro se*. See 9/1/26 Minutes at PageID.3336.

EO at PageID.3369. Further, in its analysis of Bravo's request for a continuance, the Court expressly found that Mr. Lowenthal and Mr. Robinson were diligent in their trial preparation prior to the 9/1/26 Hearing. See id. at PageID.3371. The Court therefore rejects Bravo's argument that he requires additional time to prepare for trial because of inadequate representation by Mr. Lowenthal and Mr. Robinson.[2]

When Bravo made his knowing and voluntary decision to proceed *pro se*, he specifically acknowledged both the risks associated with self-representation and the requirement that he follow the applicable court rules. Bravo has a Sixth Amendment right to present his own defense. See Faretta v. California, 422 U.S. 806, 819 (1975). "The Sixth Amendment, however, does not protect a pro se defendant from his own shortcomings." Sigouin v. United States, Civ. No. 08-00323 JMS/KSC, 2008 WL 4862515, at *4 (D. Hawai`i Nov. 10, 2008).[3] As stated in the 9/4/26 EO, Bravo

> cannot have his cake and eat it too. He cannot, on one hand, claim discontent with [Mr. Lowenthal's and Mr. Robinson's] legal strategy, refuse to cooperate with them and want

[2] The representation by Bravo's counsel before Mr. Lowenthal and Mr. Robinson is not relevant to the analysis of whether the Court should have granted Bravo's request for a continuance of the trial date and related deadlines. Thus, the arguments in the Motion for Reconsideration regarding counsel before Mr. Lowenthal and Mr. Robinson will not be addressed in this Order.

[3] Sigouin was affirmed on appeal. 398 F. App'x 208 (9th Cir. 2010).

> to captain the trial by himself despite having no legal experience and training but, on the other hand, complain that he is without legal experience and training and therefore needs additional time.

[9/4/26 EO at PageID.3372.] Bravo has not established that the denial of his request for a continuance violated his Sixth Amendment rights.

As to his argument that the denial violated his Fifth Amendment right to due process, the Court finds the following analysis of the Fourteenth Amendment right to due process to be instructive:

> "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 849, 11 L. Ed. 2d 921 (1964). Whether the denial of a continuance deprives a defendant of due process "must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Id. at 589, 84 S. Ct. at 850; see also Morris v. Slappy, 461 U.S. 1, 11-12, 103 S. Ct. 1610, 1616, 75 L. Ed. 2d 610 (1983) ("[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (citation omitted)).

Jackson v. Felker, 729 F. Supp. 2d 1165, 1184 (C.D. Cal. 2010) (alteration in Jackson).

In this case, there is no justifiable reason for a continuance because: Bravo does not have standing to file the motions that he stated he would file if the trial were continued and the motions deadline reopened; and a defense investigator, who has already been retained, can assist with locating witnesses who Bravo wants to call to testify at trial. See 9/4/26 EO at PageID.3371. Further, Mr. Lowenthal has been tasked with supervising witnesses, which includes, among other things, helping Bravo to file requests for subpoenas. See id. at PageID.3370. Bravo has not established that the denial of his request for a continuance violated his Fifth Amendment due process rights.

Bravo's request for reconsideration of the denial of his oral request for a continuance is therefore denied because he has failed to establish any manifest error of law or fact by the Court during the 9/1/26 Hearing or in the 9/4/26 EO.

Bravo's objection to the appointment of Mr. Lowenthal as his stand-by counsel is also denied. There is no Sixth Amendment right to hybrid representation; in other words, Bravo does not have a Sixth Amendment right to have stand-by counsel. See Sigouin, 2008 WL 4862515, at *4 (citing United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994)). Further, the United States Supreme Court has stated that stand-by counsel may be appointed "even over objection by the accused." See Faretta,

422 U.S. at 835 n.46. Just as Bravo failed to establish a basis to have Mr. Lowenthal replaced as Bravo's appointed counsel, Bravo has also failed to establish a basis to have Mr. Lowenthal removed or replaced as Bravo's stand-by counsel.

**CONCLUSION**

For the foregoing reasons, Bravo's Emergency Motion to Continue Trial and Reset Pretrial Deadlines, filed September 14, 2026, is DENIED in its entirety. The trial will proceed as scheduled, beginning on October 5, 2026.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 15, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge