IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BRAVO (1),<br><br>Defendant. | CR. NO. 24-00020 LEK-1<br><br>ORDER DENYING MOTION TO DISQUALIFY JUDGE LESLIE E. KOBAYASHI, ECF NO. 539 |

**ORDER DENYING MOTION TO DISQUALIFY JUDGE LESLIE E. KOBAYASHI, ECF NO. 539**

## I. INTRODUCTION

Pro se Defendant Anthony Bravo ("Defendant") moves to disqualify District Judge Leslie E. Kobayashi under 28 U.S.C. §§ 144 and 455. ECF No. 539. The court decides the matter under Local Criminal Rule 12.2(a)(1) without a hearing.[1] Based on the following, the Motion to Disqualify is DENIED.[2]

[1] Because the court decides the matter without a hearing, Defendant's "Request to be Present and Participate in any Proceeding Concerning his Disqualification Request," ECF No. 547, is DENIED as MOOT.

[2] Defendant's "Emergency Combined Motion," includes several other claims and requests for relief. *See* ECF No. 539. This Order refers to the Motion as a "Motion to Disqualify" and is limited to the portion of the Motion seeking to disqualify Judge Kobayashi, which is the sole issue referred to this court. *See* ECF No. 543. The court does not rule on any other matters raised in the Motion.

## II. BACKGROUND

Defendant filed his Motion to Disqualify on September 24, 2026, ECF No. 539, with trial in this case set to begin before Judge Kobayashi on October 5, 2026. *See, e.g.*, ECF No. 533 at PageID.3652, 3658. Two prior proceedings are relevant for this Motion to Disqualify.

First, on September 1, 2026, after a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), Defendant was permitted to proceed pro se. *See* ECF No. 491. Defendant's prior co-counsel (Edward Robinson and Benjamin Lowenthal) were permitted to withdraw and Mr. Lowenthal was appointed as stand-by counsel. *Id*.

Second, on July 12, 2026, Defendant (through counsel) filed a "Motion to Determine Standing to Challenge Intercepted Communications." ECF No. 462. Judge Kobayashi held a hearing on that motion on July 31, 2026, and she issued a minute order that day denying that motion. *See* ECF No. 473 at PageID.3159. The ruling was followed by an August 19, 2026 written order. *See* ECF No. 482.

Defendant's affidavit in support of his Motion to Disqualify, which refers to both of those prior proceedings, states verbatim and in full:

> Affidavit of Anthony Bravo under 28 U.S.C. 144 and 1746
>
> I Anthony Bravo, detained pro se, swear under penalty of perjury:

> 1. On September 1, 2026, before faretta hearing, my two attorneys, Mr. Robinson Edward and co-counsel Mr. Lowenthal, were taken in to the court room/chambers with Prosecutor AUSA Nammar and Judge Kobayashi with out Defendant present. I was held outside in the attorney room in the court house. I did not waive presence.
>
> 2. They exited and told me verbatim the exact outcome before hearing: Judge will dismiss them, will deny new counsel, will ask scripted Faretta questions, i must answer. I understand; pro se is my only option. Hearing then occurred exactly as scripted.
>
> 3. Second incident: On or about date Court denied Title III standing, prior counsel met ex parte with the prosecutor and Court without me. Immediately after, counsel told me: "You have no standing because of inmate status, Fourth Amendment Privacy", predicting denial. Counsel then files suppression solely on Fourth Amendment privacy, contrary to my written instruction to file Title III statutory strict compliance under Giordano and Fifth Amendment.
>
> 4. This wring argument guaranteed denial under Hudson V. Palmer, 468 U.S. 517 and shielded prosecutor from answering fraudulent procedure and DAAG defect.
>
> 5. I have approximately 50-60 emails directing correct argument. I believe impartiality might reasonably be questioned and judge received personal knowledge of disputed facts via ex parte.

ECF No. 539 at PageID.3696.

In addition to disqualification, Defendant requests disclosure of "all ex parte communications on September 1, 2026 and on suppression standing issue, transcripts, notes, emails." *Id.* at PageID.3698.[3]

The Motion to Disqualify was referred to the undersigned on September 24, 2026. *See* ECF Nos. 541, 543. The government filed an Opposition on September 26, 2026, along with a declaration of government counsel, Margaret Nammar. *See* ECF Nos. 548, 548-1.

## III. STANDARD OF REVIEW

The applicable standards for disqualification of a federal judge are found in 28 U.S.C. §§ 144 and 455. As provided in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be

[3] Although Defendant's affidavit refers to "ex parte" communications, in context, he is actually referring to communications or proceedings that occurred with counsel for both sides and Judge Kobayashi, outside of his presence. He does not allege that any counsel met with Judge Kobayashi independently, without notice to or the presence of the other side's counsel.

> accompanied by a certificate of counsel of record stating that it is made in good faith.
>
> Section 455 similarly provides, in pertinent part:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party . . . .

"Under both . . . statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (cleaned up), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer . . . who understand[s] all the relevant facts and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citations and some quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

## IV. DISCUSSION

Defendant's Motion to Disqualify fails because no "reasonable person with knowledge of all the facts would conclude that [Judge Kobayashi's] impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043.

To begin, government counsel's declaration flatly disputes Defendant's assertion that any conversations or communications occurred with Judge Kobayashi outside of Defendant's presence regarding the two proceedings at issue (i.e., withdrawal of co-counsel and the corresponding *Faretta* inquiry, and the Title III standing motion). *See* ECF No. 548-1 at PageID.3729–3730.

Moreover, even assuming—for present purposes only—that Defendant's affidavit is true,[4] there has been no showing of improper bias or prejudice (much less a showing based on an extrajudicial source). That is, even if improper communications occurred with Judge Kobayashi (the alleged conversations amongst government counsel, Defendant's prior counsel, and Judge Kobayashi outside the presence of Defendant), Defendant has made absolutely no showing of possible improper bias or partiality against Defendant by Judge Kobayashi, much less a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Any rulings Judge Kobayashi made regarding a withdrawal of prior counsel, or during a *Faretta* inquiry, were done on the record—with Defendant present. *See* ECF Nos. 491, 493. Even assuming Defendant's prior counsel told Defendant what was likely to happen with the then-pending motion to withdraw, it does not mean Judge Kobayashi made rulings based on any improper communications, and certainly is not evidence of improper bias or partiality. Further, there is no basis for discovery or disclosure of all such presumed "ex parte" communications to determine whether remarks might demonstrate a basis

[4] Specifically, the court refers to the affidavit's verbatim statements that (1) Defendant's prior counsel "were taken in to the court room/chambers with Prosecutor AUSA Nammar and Judge Kobayashi with out Defendant present," and Defendant "did not waive presence," ECF No. 539 at PageID.3696, and (2) "[t]hey exited and told me verbatim the exact outcome before hearing: Judge will dismiss [present counsel], will deny new counsel, will ask scripted Faretta questions, I must answer," *id.*

for bias or prejudice. Given government counsel's declaration, such a process would be a pure fishing expedition.

Likewise—as for the July 31, 2026 hearing and order regarding Defendant's standing to challenge intercepted communications—even assuming (again, for present purposes only) that (1) "prior counsel met ex parte with the prosecutor and Court without me," ECF No. 539 at PageID.3696, and (2) "[i]mmediately after, counsel told me 'you have no standing . . .' predicting denial[,]" *id.*, there has been no showing of improper bias or prejudice against Defendant, or that bias or prejudice had any part of Judge Kobayashi's rulings.[5] Judge Kobayashi's rulings were made after a hearing in open court where Defendant was present. *See* ECF No. 473.

And, as with the withdrawal of cousel/*Faretta* hearing, given government counsel's declaration, there is no basis for Defendant's request to "disclose all ex parte communication on . . . suppression standing issue, transcripts, notes, emails[,]" ECF No. 539 at PageID.3698. There has been no threshold

---

[5] Defendant's affidavit reflects disputes regarding litigation strategy between Defendant and prior counsel ("Counsel then filed suppression solely on Fourth Amendment privacy, contrary to my written instruction to file Title III[,]" ECF No. 539 at PageID.3696) rather than any bias or prejudice on the part of Judge Kobayashi.

showing of such a need; nothing indicates any communications resulted in improper bias or prejudice. *See, e.g.*, *Presnell*, 543 F.3d at 1043.[6]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Disqualify, ECF No. 539, is DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 28, 2026.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

6 In addition to his failure to show prejudice or bias, Defendant's motion appears to be untimely. *See, e.g.*, *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018). While there is no *per se* rule that the recusal motions must be made at a fixed point in order to be timely, such motions "should be filed with reasonable promptness after the ground for such a motion is ascertained." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991). This rule exists to prevent "wasted judicial time and resources" and reduce the risk of litigants "us[ing] recusal motions for strategic purposes." *Id.*; *see also Mikhel*, 889 F.3d at 1026 ("Where unexplained delay in filing a recusal motion suggests that the recusal statute is being misused for strategic purposes, the motion will be denied as untimely." (cleaned up)).

Here, Defendant references two alleged incidents that occurred on July 12, 2026, ECF No. 482, and September 1, 2026, ECF No. 491. Despite having had weeks to months to file a recusal motion, Defendant waited to do so until the eve of trial—a trial that has already been substantially delayed from its initial set date of June 2024. *See* ECF No. 24. Defendant has additionally requested to continue the trial twice within the past three weeks and only filed this Motion after both requests were denied. *See* ECF Nos. 491, 503, 516. Taken as a whole, the record therefore suggests that Defendant's late disqualification motion is an improper attempt at delay.